· STEVENSON v. ROBERTSON ET AL.

1. **Contract**: CONSIDERATION. A contract by which a party building a house for his own occupancy upon land of another is to receive, on surrender of the house to the owner of the land, the cost of the materials used in its construction, is not void for want of consideration.

*Appeal from Polk Circuit Court.*

TUESDAY, APRIL 20.

THE plaintiff claims that in the year 1871 he entered into a contract to labor for the defendants, at their stone quarry at Earlham, Iowa; that he required a house for his occupancy, and that he and the defendants agreed that plaintiff should build a house on defendants' land at his own cost and expense, and use and occupy the same, and that whenever the plaintiff should thereafter quit the employment of the defendants, and the possession of the building, the defendants would pay him the cost price of the lumber used in the erection of the house; that the cost of the lumber used in the construction of the house was $215.79, and that on or about March 1st, 1878, the plaintiff, having quit the employment of the defendants, left said building, and quit the possession thereof, and demanded the cost of said lumber, which defendants refused to pay.

The defendants answer: *First.* By a general denial. *Second.* By answering that they were to pay the plaintiff the original cost of said lumber only in case they should discharge plaintiff from their employment, and that he never was discharged. *Third.* That the company or partnership under which defendants were acting when the house was erected was dissolved in December, 1872, and the plaintiff thereupon ceased and was discharged from the work of said company, and that the claim of plaintiff is, therefore, barred by the statute of limitations, more than five years having elapsed after the dissolution of the partnership, and the discharge of the plaintiff, and before the commencement of this action.

There was a trial by the court and a judgment for the plaintiff. The defendants appeal.

*John H. Drabelle* and *D. O. Finch*, for appellants.

*Barcroft & McCaughan*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that the house was built in 1871, and that plaintiff occupied it as a residence, and labored for the defendants, who were partners, until the partnership was dissolved, which was in 1872 or 1873. After the dissolution plaintiff continued to reside in the house, and labored for one of the defendants up to 1878, when he left the house and quit the business because he was too old to further continue therein. It is urged that the claim, if any, for reimbursement for the lumber accrued when the dissolution of the partnership occurred and the plaintiff ceased to work for the partnership.

But the plaintiff's theory is, and we think it finds sufficient support in the evidence, that he had no claim for reimbursement for the lumber as long as he retained the use of the house. Having surrendered the possession in 1878 the action is not barred by the statute of limitations.

II. It is contended that there was no consideration and no mutuality in the alleged contract, and that it cannot, therefore, be enforced. We cannot see how the agreement is lacking in these respects. When one person agrees to erect a building on another's land upon a contract that when the builder shall cease to occupy it the owner of the land shall pay the cost of the lumber used in its erection, the transaction is a valid contract. Of this there can be no doubt.

1. CONTRACT: consideration.

III. It is said the judgment is excessive. The arrangement between the parties was that defendants should pay for the lumber, and afterwards deduct the amount from plaintiff's wages. This was done as to the principal bill, but there were three or four small bills for lumber used in the house, which

the plaintiff paid for himself. The court included these bills in the judgment, and we think this was correct. It was requiring of defendants no more than they obligated themselves to do, which was to pay plaintiff the price of the lumber used in the erection of the house.

AFFIRMED.